**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

No. 00-11069
Summary Calendar

WALTER HENRY PRICE,

Petitioner-Appellant,

versus

GARY L. JOHNSON, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL
JUSTICE, INSTITUTIONAL DIVISION,

Respondent-Appellee.

-----------------------------------------------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:00-CV-1189-X
-----------------------------------------------------------
August 22, 2001

Before EMILIO M. GARZA, STEWART, and PARKER, Circuit Judges:

PER CURIAM:[*]

Walter Price, Texas prisoner #808397, appeals the district court's dismissal of his claim that two codefendants (Darren Bealer and Albert Williamson), who testified that Price was involved in the subject robbery, lied at trial. Price's claim was supported by recanting affidavits from Bealer and Williams. The district court dismissed the claim because Price had not submitted the affidavits with his 28 U.S.C. § 2254 petition. A certificate of appealability (COA) was granted on this issue and the respondent was directed to file in this court the affidavits, if they existed, and the relevant portions of the trial record. The respondent has filed the affidavits and the state court records.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

We decline to review the respondent's argument, which was raised for the first time on appeal, that Price procedurally defaulted his recanting-affidavits claim because he submitted the affidavits to the Texas Court of Criminal Appeals with one of his petitions for discretionary review but did not include them with his state habeas application. See Fisher v. State of Texas, 169 F.3d 295, 301 (5th Cir. 1999).

Although the respondent contends that the affidavits were fabricated, such a determination is a factual finding which we cannot make with the record before us. Nor are we able to determine if the affidavits are believable. See Spence v. Johnson, 80 F.3d 989, 1003 (5th Cir. 1996). We are also not able to determine whether the affidavits, if genuine and believable, would have materially affected Price's trial. Such findings and determinations should be made by the district court. See Fairman v. Anderson, 188 F.3d 635, 646-47 (5th Cir. 1999).

The dismissal of Price's claim that Bealer and Williams gave false testimony at trial as stated in the affidavits, which no court has considered, is VACATED. The case is REMANDED, and the district court should determine whether the affidavits are genuine, whether the affidavits are believable, and whether, if genuine and believable, such would have materially affected Price's trial.

VACATED and REMANDED.